UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CUMBERLAND POLICE DEPARTMENT, <br>     Plaintiff, <br><br> v. <br><br> CARLINE VILBON, <br>     Defendants. | C.A. No. 21-371-JJM-LDA |

## ORDER

Carline Vilbon has filed a Notice of Removal of a Rhode Island state court Petition for a Temporary Extreme Risk Protection Order ("TERP"). The state court granted the petition and issued the TERP. *See*, ECF No. 4 at 4. Ms. Vilbon moved to terminate the TERP but before the state court ruled on her motion, she removed the matter to this Court. Ms. Vilbon has also filed an Application to Proceed *in forma pauperis*. ECF No. 2. In connection with a proceeding *in forma pauperis*, the Court is required to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Having done so, the Court concludes that it lacks subject matter jurisdiction, and that Ms. Vilbon has failed to state a claim on which relief may be granted. Therefore, the matter was improperly removed and must be remanded to the state court.

If a party invokes subject matter jurisdiction, it must show by a preponderance of the evidence that jurisdiction is proper. *Padilla-Mangual v. Pavia Hosp.*, 516 F.3d 29, 31 (1st Cir. 2008). The Court may look to materials beyond the pleadings when

deciding on a Rule 12(b)(1) motion. *Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002).

Ms. Vilbon alleges a right to remove under 28 U.S.C. § 1443 because she now asserts a federal claim, to wit, that she was "denied due process and equal protection of the law, which the court allowed the prosecutor misconduct in withholding exculpatory evidence." ECF No. 1 at 1.

This court lacks subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine bars "state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005).

Here, the Rhode Island state court has a pending motion before it to terminate the TERP. Because this Court lacks subject matter jurisdiction over matters inviting the federal court to review and rule upon pending state court matters, the Court DENIES Ms. Vilban's Motion for Leave to Proceed in forma pauperis (ECF No. 2) and REMANDS this matter to the Rhode Island Superior Court.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief United States District Judge

September 16, 2021

2